James T. Burton (#11875)
jburton@kmclaw.com
Joshua S. Rupp (#12647)
jrupp@kmclaw.com
Annemarie Garrett (#17573)
agarrett@kmclaw.com
KIRTON McCONKIE
36 South State Street, Ste 1900
P.O. Box 45120
Salt Lake City, Utah 84145-0120
Telephone: (801) 328-3600
Facsimile: (801) 321-4893

*Attorneys for Third Party Mountain Place Marketing LLC*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JACKSON,<br><br>    Plaintiff,<br><br>v.<br><br>VIBRANT HEALTHCARE, LLC,<br><br>    Defendant | **MOTION TO QUASH PLAINTIFF'S THIRD PARTY SUBPOENA TO MOUNTAIN PLACE MARKETING LLC RELATING TO CASE NO. 22-CV-1221 (M.D. PA.)**<br><br>Case No. _____<br><br>Judge _____ |

Pursuant to Fed. R. Civ. P. 45(d)(3), third party Mountain Place Marketing LLC ("MPM") hereby moves that the Court quash Plaintiff Gerard Jackson's ("Plaintiff") subpoena unless and until a suitable protective order is entered in the underlying litigation styled *Jackson v. Vibrant Healthcare, LLC*, Case No. 22-cv-1221, pending in the Middle District of Pennsylvania (the "Action"). *See* Plaintiff's Subpoena to Mountain Place Marketing LLC (the "Subpoena"), attached hereto as **Exhibit "A"**.

**Relief Requested and Basis for Relief**

A court may quash a subpoena if it requires "disclosing a trade secret or other confidential research, development, *or commercial information*." FED. R. CIV. P. 45(d)(3)(B)(i) (emphasis added). MPM requests that Plaintiff's Subpoena to MPM be quashed because the Subpoena seeks MPM's confidential business or commercial information in the absence of a protective order or any other protections for such information in the underlying Action.

**Argument**

When considering whether to enforce subpoenas during the discovery stage of litigation, "[t]he fact that discovery is sought from a non-party is one factor which the Court may weigh...." *Fanjoy v. Calico Brands, Inc.*, No. 2:06MC469 DB, 2006 WL 2303115, at *2 (D. Utah Aug. 8, 2006) (quoting *Echostar Communications Corp. v. The News Corp., Ltd.*, 180 F.R.D. 391, 394 (D.Colo.1998)). And indeed, "the status of a person as a non-party is a factor that weighs against disclosure." *Id.* (quoting *Goodyear Tire & Rubber Co. v. Kirk's Tire and Auto Service Center of Haverstraw, Inc.*, 211 F.R.D. 658, 662–663 (D. Kansas 2003)). Moreover, while, if such disclosure is "absolutely necessary to the litigation," the subpoenaed party will be required to comply, "protection may be implemented to ameliorate potentially harmful effects." *Id.* Accordingly, following Tenth Circuit precedent, the *Fanjoy* court determined it would require third-party compliance with a subpoena only "subject to a protective order." *Id.* at *3 (citing *Centurion Indus. v. Warren Steurer & Assocs.*, 665 F.2d 323, 324-26 (10th Cir.1981)).

Here, MPM – a third party to the Action – has repeatedly informed Plaintiff of MPM's willingness to comply with the Subpoena (to the extent responsive documents exist and can be located) if a suitable protective order is entered in the Action sufficient to protect MPM's confidential business or commercial information, which protection MPM is entitled to receive

(particularly as a third party). *See* email correspondence between MPM and Plaintiff dated February 17-23, 2023 (including potential protective orders proposed by MPM), attached hereto as **Exhibits "B"** and **"B2"**. Despite having substantive grounds to quash the subpoena as an irrelevant and unduly burdensome fishing expedition inasmuch as the allegedly unwanted phone calls Plaintiff has complained of do not involve MPM,[1] MPM made this reasonable representation and request in the spirit of cooperation and to minimize the inconvenience and costs for all involved while affording MPM with minimal protection. *See Richards v. Convergys Corp.*, Nos. 2:05–CV–00790–DAK, 2:05–CV–00812 DAK, 2007 WL 474012, at *5 (D. Utah Feb. 7, 2007). Indeed, MPM even proposed two alternative protective orders in an effort to cooperate with Plaintiff and render entry of a suitable protective order in the Action efficiently and economically. *See* Ex. B.

Nevertheless, notwithstanding MPM's efforts to cooperate and minimize the inconvenience and costs for all involved, and even though counsel for MPM communicated these intentions to Plaintiff's counsel (*see id.*), Plaintiff has refused to work cooperatively with MPM. *See id.* Instead, despite having an obligation to minimize the burden of the Subpoena on a third party (*see* FED. R. CIV. P. 45(d)(1)), Plaintiff has sought to foist the burden of having a suitable protective order entered in the underlying Action (to which MPM is not a party) on MPM (or the Defendant in the Action). *See id.* But, as the party issuing the Subpoena, it is Plaintiff's obligation to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena" and to make sure that suitable protections are in place to protect the information Plaintiff intends to utilize in the underlying litigation. In short, notwithstanding Plaintiff's demands, entry of a suitable and reasonable protective order in the underlying Action is not MPM's

---

[1] *See* Complaint in Jackson v. Vibrant Healthcare LLC, attached hereto as **Exhibit "C"**.

responsibility and MPM should not bear the burden or expense of moving for the same in the Action.

In view of the foregoing, MPM respectfully requests the Court to quash Plaintiff's Subpoena in order to protect MPM's confidential business and commercial information from unnecessary and unprotected disclosure unless and until Plaintiff ensures that an appropriate protective order is in place in the underlying Action.

DATED this 27th day of February, 2023.

KIRTON McCONKIE

*/s/ Joshua S. Rupp*
James T. Burton
Joshua S. Rupp
Annemarie Garrett
*Attorneys for Mountain Place Marketing LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 27th day of February 2023, I caused true and correct copies of the foregoing to be served as follows:

| | |
|---|---|
| Anthony I. Paronich<br>anthony@paronichlaw.com<br>PARONICH LAW, P.C.<br>350 Lincoln St., Suite 2400<br>Hingham, MA 02043 | (  ) U.S. Mail, Postage Prepaid<br>(  ) Hand Delivered<br>(  ) Overnight Mail<br>(  ) Facsimile<br>( x) E-Mail Transmission |

*Attorney for Plaintiff*

| | |
|---|---|
| Jeffrey M. Bower<br>jbower@bower-law.com<br>BOWER LAW ASSOCIATES, PLLC<br>403 S. Allen St., Suite 210<br>State College, PA 16801 | (  ) U.S. Mail, Postage Prepaid<br>(  ) Hand Delivered<br>(  ) Overnight Mail<br>(  ) Facsimile<br>( x) E-Mail Transmission |

*Attorney for Plaintiff*

| | |
|---|---|
| Mark S. Thomas<br>mark@thomashealthlawgroup.com<br>THOMAS HEALTH LAW GROUP, PA<br>5200 SW 91st Terrace, Suite 101-B<br>Gainesville, FL 32608 | (  ) U.S. Mail, Postage Prepaid<br>(  ) Hand Delivered<br>(  ) Overnight Mail<br>(  ) Facsimile<br>( x) E-Mail Transmission |

*Attorney for Defendant*

*/s/ Jennifer Blood*