# Exhibit A

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Middle District of Pennsylvania

| | | |
|---|---|---|
| Jackson<br>*Plaintiff*<br>v.<br>Vibrant Healthcare, LLC<br>*Defendant* | ) ) ) ) ) ) | Civil Action No. 22-cv-1221 |

*(Stamp: STATEWIDE S — Date: 2-1  Time: 11:15 — Jeff Cook, PI # A127351 — Statewide Process Servers, PO BOX 845, West Jordan, UT 84084)*

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:     MOUNTAIN PLACE MARKETING LLC

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See the attached Schedule A.

| Place: DIRECTLY TO THE UNDERSIGNED COUNSEL ELECTRONICALLY or to Statewide Service, West Jordan, UT | Date and Time:<br>02/13/2023 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   01/30/2023

CLERK OF COURT

OR     /s/ Anthony I. Paronich

*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiff, who issues or requests this subpoena, are:

Paronich Law, P.C., 350 Lincoln Street, Suite 2400, Hingham, MA 02043, anthony@paronichlaw.com, (617) 485-0018

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

### INSTRUCTIONS

1. You are required to search not only for hard copy documents, but for electronically generated, maintained or stored information, including data that exist on your computers' hard drives, on computer servers to which you have access, in email accounts, in text messaging accounts, and all other places in which responsive electronic data may be stored.

2. Where possible, all electronically generated, maintained or stored information should be produced in its native format and in a format compatible to litigation-support databases and review systems. Where possible, such documents should contain searchable text and searchable metadata in a load file format. File fidelity and resolution should not be downgraded; for instance, electronic files should not be printed and then scanned.

### DEFINITIONS

1. When used in these Requests, "Defendant" means Vibrant Healthcare, LLC, including any subsidiaries or affiliated enterprises, and its officers, directors and employees.

2. When used in these Requests, "you" or "your" (or synonyms thereof) means Mountain Place Marketing, LLC, including any subsidiaries or affiliated enterprises, and its officers, directors and employees.

### REQUESTS

**Request No. 1:** All documents reflecting any call (including attempted call) or text message made by you or any call center vendor of yours for the Defendant, or to generate leads for Defendant (even if Defendant was not the exclusive buyer or beneficiary of said leads), or that could have generated a lead for the Defendant, since January 1, 2019. A complete answer will include at least the following:

    a. Identifying information for the person you were trying to reach (e.g., name, business name, address, email, phone number);

336354

  b. Information for the calls themselves, including the phone number called, the date and time of the call and the result of the call (e.g., no answer, message left, "spoke with John Doe and updated business data," etc.);

  c. Any documents showing the prior express consent of the called party to be called.

**Request No. 2:** Documents that identify any recorded message (including but not limited to the audio files of any such messages), the dialing mode or option the dialing system was in when it made each of the calls identified in response to Request No. 1.

**Request No. 3:** Documents that identify any third parties that your company had a relationship with that may be in possession of information responsive to Request No. 1 or 2.

**Request No. 4:** Any databases or other electronically stored information that identifies all customers, leads or potential customers sent to Defendant since January 1, 2019.

**Request No. 5:** To the extent you claim that your company obtained permission for automated calls concerning Defendant, produce all documents that identify:

  A. Any signed writings evidencing that permission;

As it relates to any website visits that you assert are being used in place of signed writings:

  i. All documents that evidence a clear and conspicuous statement that informed consumers of their right to withdraw their consent to receive telemarketing calls;

All documents that evidence a clear and conspicuous statement that informed consumers of the procedures they must use to withdraw consent, and the procedures they may use to update their contact information that was used as a basis for any alleged consent to make telemarketing calls to them.

**Request No. 6:** To the extent you claim that your company obtained permission for automated calls concerning Defendant or North Star Insurance via websites:

      A.    Produce documents that identify those website(s) and the specific page(s) on those website(s) that you claim constitute consent or permission;

      B.    For any website identified in response to the prior request, produce all access, server and error logs and security and fraud alerts during the period you claim visits to that website constituted consent or permission to contact any putative class member with telemarketing calls.

      C.    Produce all documents that identify the affiliate(s) compensated directly or indirectly by you for each purportedly consenting consumer;

      D.    Produce all documents that identify the referring URL from which each purportedly consenting consumer came to your website.

**Request No. 7:** All documents relating to the plaintiff in this case.

**Request No. 8:** All internal communications, including emails, slideshows, word processing documents, text messages, calendar entries, meeting notes, voicemails and Skype logs, concerning Defendant and lead generation or outbound telemarketing.

**Request No. 9:** Communications with any third party concerning the litigation captioned on the subpoena.