# Exhibit B

| | |
|---|---|
| **From:** | Anthony Paronich |
| **To:** | Mark S. Thomas |
| **Cc:** | Joshua S. Rupp; Annemarie Garrett; jbower@bower-law.com; James Burton; Jennifer Blood |
| **Subject:** | Re: Jackson v. Vibrant Healthcare, LLC, Case No. 4:22-cv-1221 |
| **Date:** | Thursday, February 23, 2023 3:30:05 PM |
| **Attachments:** | image003.png |

CAUTION: EXTERNAL

Yes, that's always been the case. What I explained previously was that the 3rd Circuit has strict standards in what needs to be included in the motion for the protective order.

----
Anthony Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
[o] (617) 485-0018
[c] (508) 221-1510
[f] (508) 318-8100

This email message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.

On Thu, Feb 23, 2023 at 5:06 PM Mark S. Thomas <mark@thomashealthlawgroup.com> wrote:

> Anthony, that was not my understanding. So, I can file and report to the Court that Plaintiff has no objection to the proposed Order?
>
>
> Thanks,
>
>
> Mark
>
>
> **Mark S. Thomas**
>
> **FLORIDA BAR BOARD CERTIFIED IN HEALTH LAW**

**THOMAS HEALTH LAW GROUP, PA**

Mark@ThomasHLG.com

www.ThomasHealthLaw.com

352-317-3012 (mobile)

855-629-7101 (toll-free fax)

Gainesville Office:

5200 SW 91st Terrace, Suite 101-B

Gainesville, FL 32608

352-372-9990 (office)

Santa Rosa Beach Office:

P.O. Box 611193

Rosemary Beach, FL 32461

850-510-0031 (office)

---

**From:** Anthony Paronich <anthony@paronichlaw.com>
**Date:** Thursday, February 23, 2023 at 4:54 PM
**To:** Joshua S. Rupp <jrupp@kmclaw.com>
**Cc:** Annemarie Garrett <agarrett@kmclaw.com>, jbower@bower-law.com
<jbower@bower-law.com>, Mark S. Thomas <mark@thomashealthlawgroup.com>, James
Burton <jburton@kmclaw.com>, Jennifer Blood <jblood@kmclaw.com>
**Subject:** Re: Jackson v. Vibrant Healthcare, LLC, Case No. 4:22-cv-1221

Josh:

Did my e-mail response that I was out of the country not come through for you?

For the protective order, do you have a basis to assert we didn't agree to it? That's not what
occurred. What happened was the Defendant never filed a motion. So, as we took the position at
the beginning of this litigation, if the Defendant wants to actually file a motion to satisfy its
burden, we have no objection.

----

Anthony Paronich

Paronich Law, P.C.

350 Lincoln Street, Suite 2400

Hingham, MA 02043

[o] (617) 485-0018

[c] (508) 221-1510

[f] (508) 318-8100

This email message may contain legally privileged and/or confidential information.  If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.

On Thu, Feb 23, 2023 at 2:28 PM Joshua S. Rupp <jrupp@kmclaw.com> wrote:

Anthony,

Following up on the below.  Can we expect a response to our email?  Again, we are happy to work cooperatively with the parties to get the simple matter of a protective order resolved (the proposed draft is re-attached for convenience).  But if we cannot get this issue resolved, we will need to proceed with a motion to quash unless and until a protective order is entered in the underlying case.  Please let us know.

Thanks,

Josh

KIRTON | McCONKIE

**Joshua S. Rupp**

Attorney

o  801.328.3600
d  801.323.5989

---

**From:** Joshua S. Rupp
**Sent:** Tuesday, February 21, 2023 5:35 PM
**To:** Anthony Paronich <anthony@paronichlaw.com>
**Cc:** Annemarie Garrett <agarrett@kmclaw.com>; jbower@bower-law.com; Mark S. Thomas <mark@thomashealthlawgroup.com>; James Burton <jburton@kmclaw.com>; Jennifer Blood <jblood@kmclaw.com>
**Subject:** RE: Jackson v. Vibrant Healthcare, LLC, Case No. 4:22-cv-1221

Anthony,

By way of follow up, it is my understanding that Vibrant Healthcare, LLC (the defendant in this matter) has proposed and is comfortable with the attached draft Protective Order to govern the above-referenced case, which is satisfactory to my third-party client Mountain Place Marketing, LLC as well.  Please let us know if this is acceptable to plaintiff, in which case it is my understanding that defendant is willing to prepare a stipulated motion for entry of the Protective Order.  Moreover, upon the filing of such a stipulation, we are comfortable designating and producing any responsive documents which can be located on the agreed February 27, 2023 deadline pending the Court's entry of the Protective Order pursuant to Paragraph 11 thereof.

If plaintiff wants any changes to the attached draft, please provide a redline for consideration.  While Mountain Place Marketing, LLC wants to be as cooperative as possible, entry of a protective order to protect, *inter alia*, non-public business information is customary and unobjectionable.  Moreover, where Mountain Place Marketing, LLC is a third party and plaintiff is under an obligation to minimize the burden and expense imposed upon my client, we are trying to find a reasonable middle ground, but we need your client's cooperation.  If plaintiff is unwilling to stipulate to the attached draft or provide proposed redline changes, please let us know and we will proceed as we deem appropriate.  We hope to avoid the necessity of a motion to quash, and entry of a standard protective order akin to the attached draft will help us do so.  We look forward to your response.

Regards,

Josh

**KIRTON | McCONKIE**

**Joshua S. Rupp**
Attorney
o  801.328.3600
d  801.323.5989

---

**From:** Anthony Paronich <anthony@paronichlaw.com>
**Sent:** Saturday, February 18, 2023 7:16 AM
**To:** Joshua S. Rupp <jrupp@kmclaw.com>
**Cc:** Annemarie Garrett <agarrett@kmclaw.com>; jbower@bower-law.com; Mark S. Thomas <mark@thomashealthlawgroup.com>; James Burton <jburton@kmclaw.com>; Jennifer Blood <jblood@kmclaw.com>
**Subject:** Re: Jackson v. Vibrant Healthcare, LLC, Case No. 4:22-cv-1221

CAUTION: EXTERNAL

Ok, fair enough. If you connect with Vibrant (who you obviously copied on your original e-mail) and they want to move for entry of a protective order, so be it. Otherwise, we'll wait for your response and motion.

> On Feb 17, 2023, at 7:56 PM, Joshua S. Rupp <jrupp@kmclaw.com> wrote:

> Thanks, Anthony.  We hope we can avoid moving to quash pending entry of a protective order.  Nevertheless, we will not be producing documents in the absence of an adequate protective order.  If you and the defendant can work together to get a suitable protective order in place, great.  If not, we will proceed as we believe appropriate to protect our client's interests.

> Thanks,

> Josh

> <image002.png>

**Joshua S. Rupp**
Attorney
o  801.328.3600
d  801.323.5989

---

**From:** Anthony Paronich <anthony@paronichlaw.com>
**Sent:** Friday, February 17, 2023 5:35 PM
**To:** Annemarie Garrett <agarrett@kmclaw.com>
**Cc:** jbower@bower-law.com; Mark S. Thomas
<mark@thomashealthlawgroup.com>; Joshua S. Rupp <jrupp@kmclaw.com>;
James Burton <jburton@kmclaw.com>; Jennifer Blood <jblood@kmclaw.com>
**Subject:** Re: Jackson v. Vibrant Healthcare, LLC, Case No. 4:22-cv-1221

> CAUTION: EXTERNAL

Hello:

If the defendant has not moved for a protective order, then we don't think one is
necessary. Of course, feel free to lodge whatever objections you think are
necessary and while we aren't opposed to the Defendant seeking a protective order
in our case, it's not our responsibility to do so considering that is something the
Defendant should have addressed following the 26(f) conference and
we don't intend to extend the time to respond any further.

Anthony

> On Feb 17, 2023, at 6:48 PM, Annemarie Garrett
> <agarrett@kmclaw.com> wrote:
>
> Counsel:
>
> Thank you for granting us an extension of time to respond to the
> subpoena issued to Mountain Place Marketing, LLC in the case
> *Jackson v. Vibrant Healthcare, LLC* now pending in U.S. District

Court for the Middle District of Pennsylvania. We are currently in the process of working with our client to gather documents potentially responsive to the subpoena, if any.

However, we have looked at the docket report for this case on PACER and are concerned that no protective order has been entered. It is also our understanding that the Middle District of Pennsylvania does not have a standard protective order in place for all cases. Please let us know if we've overlooked something. Where documents responsive to the subpoena, if any, will likely contain proprietary business information meriting at least a confidential designation, and possibly an attorney's eyes only designation, we request that the parties to the litigation jointly (or unilaterally, if necessary) move the court for a two-tier protective order ("Confidential" and "AEO") applicable to, *inter alia*, third-party documents. We will need such a protective order in place before Mountain Place Marketing can produce documents in response to the subpoena. To this end, we would appreciate a further extension of time to respond to the subpoena to the extent necessary to allow a suitable protective order to be entered during the interim. Let us know if a discussion would be helpful. We are hopeful that this can be worked out without necessitating Court involvement save for entry of a suitable protective order.

For convenience, we have taken the liberty of attaching a Standard Protective Order utilized by the U.S. District Court for the District of Utah, which may provide a helpful starting point for a suitable protective order in your case. Regardless, please let us know once an appropriate protective order has been entered and provide us with a copy of the same. We are happy to cooperate with the subpoena, but we do need an appropriate protective order in place before any documents are produced.

Thank you for your help. Please let us know if a discussion would be helpful.

Best regards,

Annemarie

&lt;image001.png&gt;                         **Annemarie Garrett**
                                          Attorney

KeyBank Tower

36 S State St, #1900
Salt Lake City UT, 84111
kmclaw.com

d  801.350.7680

agarrett@kmclaw.com

**CONFIDENTIALITY NOTICE**: This communication may contain attorney-client privileged information. If you received this communication in error, please alert me by replying to this email and delete it immediately. Do not misuse or transmit the information to anyone. Thank you.

<Standard_Protective_Order.pdf>

**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

**GERARD JACKSON,**

　　　　**Plaintiff**

**v.**　　　　　　　　　　　**CASE NO. 4:22-CV-01221-MWB**

**VIBRANT HEALTHCARE, LLC,**

　　　　**Defendant.**

---

**PROTECTIVE ORDER OF CONFIDENTIALITY**

Before the Court is a joint stipulation to a protective order of confidentiality, and pursuant to good cause shown, the Court hereby ORDERS that the following provisions govern the treatment of all documents, written or recorded information, or other tangible things including, without limitation, policies, audiotapes, videotapes, computer disks, emails, recordings, flash drives, electronically stored materials, and photographs, as well as any information contained in such documents and things, and all copies, excerpts, or summaries thereof (collectively, the "Material"), produced by the parties (each a "Producing Party" or "Designating Party") or by non-parties, whether voluntarily or in response to a discovery request, deposition notice, subpoena, or request for admission:

　　　1.　　Procedures for Designation of Material as "CONFIDENTIAL". If a Producing Party or Designating Party believes in good faith that any of the Material it produces, or is requested to produce, contains or discloses private business or sensitive medical records or information of a non-public nature (collectively, the "Confidential Information"), it shall designate the Material as "CONFIDENTIAL." This designation shall be made in the following manner at the time the Material is produced:

a.  With respect to documents, each page containing Confidential Information shall bear the designation "CONFIDENTIAL" and the designation shall be placed conspicuously but without material obstruction of the document's contents;

b.  With respect to electronically stored information ("ESI") produced in a digital format, each page of ESI containing Confidential Information shall bear the designation "CONFIDENTIAL."  If the Producing Party or Designating Party cannot stamp or otherwise mark the ESI with the designation "CONFIDENTIAL," the Producing Party or Designating Party shall indicate the inclusion of Confidential Information by incorporating the "CONFIDENTIAL" designation into the file name of the ESI in question (*e.g.,* "BATES-000001.CONFIDENTIAL.xls").  If physical copies of files that are so named are printed, the printed ESI shall be stamped with the designation "CONFIDENTIAL" by the party printing the document in accordance with this subparagraph;

c.  With respect to pleadings and motions, or responses to interrogatories, document requests, or requests for admission, each page containing Confidential Information shall bear the designation "CONFIDENTIAL";

d.  With respect to depositions, the Producing Party or Designating Party may invoke the "CONFIDENTIAL" designation on the record at the time of the deposition or by serving page and line designations within ten (10) days after receipt of the final transcript from such deposition.  All deposition transcripts shall be treated as Confidential Information for ten (10) days after receipt of the final transcript for

purposes of such designations, even if the transcript, in whole or part, was not

designated as "CONFIDENTIAL" at the deposition or hearing;

e.      If a Designating Party believes in good faith that specific Material produced by

another party contains or discloses Confidential Information, the Designating

Party shall designate the same as "CONFIDENTIAL" in accordance with

Paragraph 1 above;

f.      The parties shall exercise good faith in designating Material as Confidential

Information and agree that the receipt of Material designated as

"CONFIDENTIAL" is not an admission that the same does *in fact* contain or

reflect Confidential Information.  Likewise, the designation of materials as

"CONFIDENTIAL" by any party shall not be considered a concession or

admission that the materials so marked contain trade secrets for purposes of

assessing liability or damages; and

g.      If the materials produced contain confidential personal information (including

but not limited to social security numbers, birth dates, financial account

numbers, home addresses, telephone numbers, information related to minors,

etc.), that confidential personal information must be redacted in accordance

with applicable Pennsylvania law.

2.      <u>Restrictions on Disclosure of "CONFIDENTIAL" Material.</u> Except with

written prior consent of all parties and non-parties asserting confidential treatment, and

except as provided elsewhere in this Order, materials designated "CONFIDENTIAL" and

all information contained therein or derived therefrom, may not be disclosed to any person

other than:

a.      Attorneys representing parties in connection with this litigation and persons regularly employed in the offices of such attorneys;

b.      The parties associated with this litigation and their parent companies, subsidiaries, affiliates, officers, directors, employees and in-house legal counsel to the extent that such Confidential Information is necessary to participate in the litigation or to assist in-house counsel, attorneys representing parties in connection with this litigation, and persons regularly employed in the offices of such attorneys;

c.      Actual or potential deposition or trial witnesses in this action, but only to the extent needed to prepare for deposition or trial;

d.      Outside testifying or non-testifying experts retained in connection with this litigation who agree to be bound by this Order as set forth below in Paragraph 3;

e.      The Court, court personnel or personnel related to the litigation, court reporters appearing at depositions or hearings; and

f.      Third-party vendors hired by attorneys on behalf of the parties in connection with preparing for trial, labeling and/or copying Material containing Confidential Information.

3.      Expert Access; Agreement to Comply.  Attorneys for the parties may permit testifying or non-testifying expert(s) retained for this instant action to review Material that discloses Confidential Information entitled to protection under this Order but must first obtain from said testifying or non-testifying expert(s) a written statement confirming each expert's agreement to comply with every element of this Order.  Such statement shall be in the form attached hereto as "Exhibit A."  Said expert(s) shall agree that Confidential Information entitled to protection under this Order shall not be disclosed to any other person and that Confidential

Information shall not be photocopied or reproduced by any means or for any purpose other than for use in this lawsuit.  The parties reserve the right to maintain work product objections for consulting experts not intended to testify at trial, and this objection is preserved even if the expert receives confidential materials and even if the expert signs the acknowledgment of confidentiality.

4.    Litigation Use Only. All materials designated "Confidential", and all information contained therein or derived therefrom, shall be used solely for the preparation and trial of this suit (including any appeals and retrials), and shall not be used for any other purpose, including personal, business, governmental or commercial, or in any other administrative, arbitration, or judicial proceedings or actions.

5.    Disputes Regarding Classification. If a receiving party disagrees with the "CONFIDENTIAL" designation for specific Material, the receiving party shall notify the Producing Party or Designating Party in writing of their disagreement with the designation and state the basis for such disagreement.  If the parties cannot reach agreement within twenty (20) days after receipt of such notice, the party resisting the designation may file an appropriate request with the Court.  All matters as to which reclassification is sought shall be treated as protected by this Order until the Court has entered his ruling, or the parties have reached agreement regarding the designation.  The party opposing the request shall bear the burden of persuasion as to the propriety of the "CONFIDENTIAL" designation.

6.    Not Applicable to Own "CONFIDENTIAL" Material. This Order has no effect upon, and shall not apply to, parties' or non-parties' use of their own Confidential Information.

7.    No Waiver. The inadvertent or unintentional production of Material, or failure by either party to designate Material containing Confidential Information as "CONFIDENTIAL" in

accordance with the procedures contained in Paragraph 1, shall not be deemed a waiver, in whole or in part, of the Producing Party or Designating Party's claim of confidentiality as to the specific document or information disclosed. Within a reasonable period following the Producing Party's discovery that a document or information was not properly designated the Producing Party shall provide notice in writing to the other parties receiving the Material that the document or information was not appropriately designated. The Producing Party shall then have ten business days in which to re-designate and produce the properly designated document or information. During the ten business days after notice, the document or information shall be treated as Confidential Information.

       8.    <u>Compliance Not to Constitute Admissions.</u>  Consenting to or otherwise complying with the terms of this Order shall not:

       a.    Prejudice the rights of any party to object to the production of Material on any proper basis;

       b.    Prejudice the rights of any party to object to the authenticity or admissibility of Material on any proper basis;

       c.    Prejudice the rights of any party to seek a determination by the Court as to whether Material was properly designated as Confidential Information and/or seek a protective order for further or additional protections;

       d.    Prevent the parties from altering or waiving in writing the protections herein with respect to any particular set of Confidential Information; or

       e.    Limit, expand or otherwise affect the rights or obligations of the parties to disclose or withhold Material in accordance with applicable law.

9.      Filing.  In the event that any party intends to file with the Court any Material that discloses Confidential Information, the same shall be maintained by the Court in accordance with this Order until the Court's file is closed.

10.     Subpoenas or Other Process.  If any party is served with a subpoena or other process issued by a court of competent jurisdiction to produce Confidential Information, such party shall promptly notify counsel for the Producing Party or Designating Party by electronic mail.  The party who receives such a subpoena or process shall reasonably cooperate with the Producing Party or Designating Party if it opposes production.

11.     Interim Protection. "CONFIDENTIAL" Material produced by any party or nonparty through discovery in this suit prior to the entry of this Order by the Court shall be subject to the provisions of this Order to the same extent as if this Order had already been entered by the Court, unless the Court directs  otherwise.

12.     Return of Documents. Within 60 days of the conclusion of the captioned matter by settlement or the entry of a final, non-appealable order, and with or without request by the producing party, counsel shall either (1) return all documents or other tangible forms of information marked "CONFIDENTIAL" in their possession, custody, or control to the producing party within five weeks of the producing party's request for return of the same, or (2) within that same period, destroy all such documents or tangible forms of information and provide written certification that all such documents, including any reproductions, have been destroyed.

13.     Additional Parties. If additional parties intervene or are joined in the litigation, they shall have access to Material that discloses Confidential Information only upon executing a stipulation consenting to the terms of this Order and filing that stipulation with the Court.

14.     Claw-back Agreement. The Parties agree that documents or other discovery

materials that are produced and contain privileged information or work product shall be immediately returned to the original sender if the documents or materials appear on their face to have been inadvertently produced. Furthermore, the production of any document or other discovery material by a party shall be without prejudice to any claim that the material is privileged or protected from discovery as work product under the Pennsylvania Rules of Civil Procedure and the Pennsylvania Rules of Evidence, and no party shall be held to have waived any rights of privilege or work product by such production. A Producing Party who produces material or information without intending to waive a claim of privilege does not waive that claim under the Pennsylvania Rules of Civil Procedure or the Pennsylvania Rules of Evidence if, within thirty days after the Producing Party discovers that such production was made, the Producing Party notifies the receiving party, in writing, identifying the material or information produced and stating the privilege asserted. Upon receipt of the timely notification, the receiving party must promptly return the specified material or information and any copies pending any ruling by the Court denying the privilege. If the Producing Party complies with the requirements of this provision, any inadvertent disclosure described above will not act as a waiver of privilege or protection in this case or in any other federal or state proceeding.  This Order will be interpreted to provide the maximum protection allowed by law.

15.    <u>Violations.</u>  Any violation of this Order may subject the violating party to sanctions including, but not limited to, attorneys' fees and costs.

DONE and ORDERED this _____ day of _____, 2022.

_____
_____, District Court Judge


cc: Counsel of Record

**EXHIBIT A**

### UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**GERARD JACKSON,**

        **Plaintiff**

**v.**                           **CASE NO. 4:22-CV-01221-MWB**

**VIBRANT HEALTHCARE, LLC,**

        **Defendant.**

---

### CONSENT TO STIPULATED PROTECTIVE ORDER OF CONFIDENTIALITY

The undersigned, having read and understood the Stipulated Protective Order of Confidentiality, dated _____, governing the restricted use of documents and other information designated as "CONFIDENTIAL," which have been obtained from the parties by reason of discovery in the above-captioned matter, hereby agrees to be bound by the terms thereof and consents to the jurisdiction and contempt power of the Court with respect to its enforcement.


Signed:       _____


Dated:       _____

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| _____,<br><br>Plaintiffs,<br><br>vs.<br><br>_____,<br><br>Defendants. | STANDARD PROTECTIVE ORDER<br><br>Civil No.<br><br>Honorable<br><br>Magistrate |
|---|---|

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and for good cause,

IT IS HEREBY ORDERED THAT:

1.      <u>Scope of Protection</u>

This Standard Protective Order shall govern any record of information produced in this action and designated pursuant to this Standard Protective Order, including all designated deposition testimony, all designated testimony taken at a hearing or other proceeding, all designated deposition exhibits, interrogatory answers, admissions, documents and other discovery materials, whether produced informally or in response to interrogatories, requests for admissions, requests for production of documents or other formal methods of discovery.

This Standard Protective Order shall also govern any designated record of information produced in this action pursuant to required disclosures under any federal procedural rule or local rule of the Court and any supplementary disclosures thereto.

This Standard Protective Order shall apply to the parties and to any nonparty from whom discovery may be sought who desires the protection of this Protective Order.

1

Nonparties may challenge the confidentiality of the protected information by filing a motion to intervene and a motion to de-designate.

2.    <u>Definitions</u>

(a)    The term PROTECTED INFORMATION shall mean confidential or proprietary technical, scientific, financial, business, health, or medical information designated as such by the producing party.

(b)    The term CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY, shall mean PROTECTED INFORMATION that is so designated by the producing party.  The designation CONFIDENTIAL - ATTORNEYS EYES ONLY may be used only for the following types of past, current, or future PROTECTED INFORMATION:  (1) sensitive technical information, including current research, development and manufacturing information and patent prosecution information, (2) sensitive business information, including highly sensitive financial or marketing information and the identity of suppliers, distributors and potential or actual customers, (3) competitive technical information, including technical analyses or comparisons of competitor's products, (4) competitive business information, including non-public financial or marketing analyses or comparisons of competitor's products and strategic product planning, or (5) any other PROTECTED INFORMATION the disclosure of which to non-qualified people subject to this Standard Protective Order the producing party reasonably and in good faith believes would likely cause harm.

(c)    The term CONFIDENTIAL INFORMATION shall mean all PROTECTED INFORMATION that is not designated as "CONFIDENTIAL - ATTORNEYS EYES ONLY" information.

(d)    For entities covered by the Health Insurance Portability and

Accountability Act of 1996 ("HIPAA"), the term CONFIDENTIAL INFORMATION

shall include Confidential Health Information. Confidential Health Information shall mean

information supplied in any form, or any portion thereof, that identifies an individual or

subscriber in any manner and relates to the past, present, or future care, services, or

supplies relating to the physical or mental health or condition of such individual or

subscriber, the provision of health care to such individual or subscriber, or the past,

present, or future payment for the provision of health care to such individual or subscriber.

Confidential Health Information includes claim data, claim forms, grievances, appeals, or

other documents or records that contain any patient health information required to be kept

confidential under any state or federal law, including 45 C.F.R. Parts 160 and 164

promulgated pursuant to the Health Insurance Portability and Accountability Act of 1996

(*see* 45 C.F.R. §§ 164.501 & 160.103), and the following subscriber, patient, or member

identifiers:

     (1)      names;

     (2)      all geographic subdivisions smaller than a State, including street address, city, county, precinct, and zip code;

     (3)      all elements of dates (except year) for dates directly related to an individual, including birth date, admission date, discharge date, age, and date of death;

     (4)      telephone numbers;

     (5)      fax numbers;

     (6)      electronic mail addresses;

     (7)      social security numbers;

     (8)      medical record numbers;

(9)     health plan beneficiary numbers;

(10)    account numbers;

(11)    certificate/license numbers;

(12)    vehicle identifiers and serial numbers, including license plate numbers;

(13)    device identifiers and serial numbers;

(14)    web universal resource locators ("URLs");

(15)    internet protocol ("IP") address numbers;

(16)    biometric identifiers, including finger and voice prints;

(17)    full face photographic images and any comparable images; and/or any other unique identifying number, characteristic, or code.

(e)     The term TECHNICAL ADVISOR shall refer to any person who is not a party to this action and/or not presently employed by the receiving party or a company affiliated through common ownership, who has been designated by the receiving party to receive another party's PROTECTED INFORMATION, including CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY, and CONFIDENTIAL INFORMATION.  Each party's TECHNICAL ADVISORS shall be limited to such person as, in the judgment of that party's counsel, are reasonably necessary for development and presentation of that party's case.  These persons include outside experts or consultants retained to provide technical or other expert services such as expert testimony or otherwise assist in trial preparation.

3.      Disclosure Agreements

(a)      Each receiving party's TECHNICAL ADVISOR shall sign a disclosure agreement in the form attached hereto as Exhibit A ("Disclosure Agreement"). Copies of the Disclosure Agreement signed by any person or entity to whom PROTECTED INFORMATION is disclosed shall be provided to the other party promptly after execution by facsimile and overnight mail.  No disclosures shall be made to a TECHNICAL ADVISOR until seven (7) days after the executed Disclosure Agreement is served on the other party.

(b)      Before any PROTECTED INFORMATION is disclosed to outside TECHNICAL ADVISORS, the following information must be provided in writing to the producing party and received no less than seven (7) days before the intended date of disclosure to that outside TECHNICAL ADVISOR:  the identity of that outside TECHNICAL ADVISOR, business address and/or affiliation and a current curriculum vitae of the TECHNICAL ADVISOR, and, if not contained in the TECHNICAL ADVISOR's curriculum vitae, a brief description, including education, present and past employment and general areas of expertise of the TECHNICAL ADVISOR.  If the producing party objects to disclosure of PROTECTED INFORMATION to an outside TECHNICAL ADVISOR, the producing party shall within seven (7) days of receipt serve written objections identifying the specific basis for the objection, and particularly identifying all information to which disclosure is objected.  Failure to object within seven (7) days shall authorize the disclosure of PROTECTED INFORMATION to the TECHNICAL ADVISOR.  As to any objections, the parties shall attempt in good faith to promptly resolve any objections informally.  If the objections cannot be resolved, the party seeking to prevent disclosure of the PROTECTED INFORMATION to the expert shall

move within seven (7) days for an Order of the Court preventing the disclosure.  The

burden of proving that the designation is proper shall be upon the producing party.  If no

such motion is made within seven (7) days, disclosure to the TECHNICAL ADVISOR

shall be permitted. In the event that objections are made and not resolved informally and a

motion is filed, disclosure of PROTECTED INFORMATION to the TECHNICAL

ADVISOR shall not be made except by Order of the Court.

       (c)    Any disclosure agreement executed by any person affiliated with a

party shall be provided to any other party who, based upon a good faith belief that there

has been a violation of this order, requests a copy.

       (d)    No party shall attempt to depose any TECHNICAL ADVISOR until

such time as the TECHNICAL ADVISOR is designated by the party engaging the

TECHNICAL ADVISOR as a testifying expert.  Notwithstanding the preceding sentence,

any party may depose a TECHNICAL ADVISOR as a fact witness provided that the party

seeking such deposition has a good faith, demonstrable basis independent of the Disclosure

Agreement or the information provided under subparagraph (a) above that such person

possesses facts relevant to this action, or facts likely to lead to the discovery of admissible

evidence; however, such deposition, if it precedes the designation of such person by the

engaging party as a testifying expert, shall not include any questions regarding the scope or

subject matter of the engagement.  In addition, if the engaging party chooses not to

designate the TECHNICAL ADVISOR as a testifying expert, the non-engaging party shall

be barred from seeking discovery or trial testimony as to the scope or subject matter of the

engagement.

4.      Designation of Information

(a)      Documents and things produced or furnished during the course of this action shall be designated as containing CONFIDENTIAL INFORMATION, by placing on each page, each document (whether in paper or electronic form), or each thing a legend substantially as follows:

CONFIDENTIAL INFORMATION

(b)      Documents and things produced or furnished during the course of this action shall be designated as containing information which is CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY by placing on each page, each document (whether in paper or electronic form), or each thing a legend substantially as follows:

CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY

(c)      During discovery, a producing party shall have the option to require that all or batches of materials be treated as containing CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY during inspection and to make its designation as to particular documents and things at the time copies of documents and things are furnished.

(d)      A party may designate information disclosed at a deposition as CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY by requesting the reporter to so designate the transcript at the time of the deposition.

(e)      A producing party shall designate its discovery responses, responses to requests for admission, briefs, memoranda, and all other papers sent to the court or to opposing counsel as containing CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY when such papers are served or sent.

(f)    A party shall designate information disclosed at a hearing or trial as CONFIDENTIAL INFORMATION or as CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY by requesting the court, at the time the information is proffered or adduced, to receive the information only in the presence of those persons designated to receive such information and court personnel, and to designate the transcript appropriately.

(g)    The parties will use reasonable care to avoid designating any documents or information as CONFIDENTIAL INFORMATION or as CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY that is not entitled to such designation or which is generally available to the public.  The parties shall designate only that part of a document or deposition that is CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY, rather than the entire document or deposition.  For example, if a party claims that a document contains pricing information that is CONFIDENTIAL – ATTORNEYS EYES ONLY, the party will designate only that part of the document setting forth the specific pricing information as ATTORNEYS EYES ONLY, rather than the entire document.

(h)  In multi-party cases, Plaintiffs and/or Defendants shall further be able to designate documents as CONFIDENTIAL INFORMATION – NOT TO BE DISCLOSED TO OTHER PLAINTIFFS or CONFIDENTIAL INFORMATION – NOT TO BE DISCLOSED TO OTHER DEFENDANTS for documents that shall not be disclosed to other parties.

5.    <u>Disclosure and Use of Confidential Information</u>

Information that has been designated CONFIDENTIAL INFORMATION or as CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY shall be disclosed by

the receiving party only to Qualified Recipients.  All Qualified Recipients shall hold such

information received from the disclosing party in confidence, shall use the information

only for purposes of this action and for no other action, and shall not use it for any business

or other commercial purpose, and shall not use it for filing or prosecuting any patent

application (of any type) or patent reissue or reexamination request, and shall not disclose

it to any person, except as hereinafter provided.  All information that has been designated

CONFIDENTIAL INFORMATION or as CONFIDENTIAL INFORMATION –

ATTORNEYS EYES ONLY shall be carefully maintained so as to preclude access by

persons who are not qualified to receive such information under the terms of this Order.

In multi-party cases, documents designated as CONFIDENTIAL INFORMATION

– NOT TO BE DISCLOSED TO OTHER PLAINTIFFS or CONFIDENTIAL

INFORMATION – NOT TO BE DISCLOSED TO OTHER DEFENDANTS shall not be

disclosed to other plaintiffs and/or defendants.

6.      Qualified Recipients

For purposes of this Order, "Qualified Recipient" means

(a)      For CONFIDENTIAL INFORMATION – ATTORNEYS EYES

ONLY:

(1)      Outside counsel of record for the parties in this action, and

the partners, associates, secretaries, paralegal assistants, and employees of such counsel to

the extent reasonably necessary to render professional services in the action, outside

copying services, document management services and graphic services;

(2)      Court officials involved in this action (including court

reporters, persons operating video recording equipment at depositions, and any special

master appointed by the Court);

(3)     Any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper;

(4)     Any outside TECHNICAL ADVISOR employed by the outside counsel of record, subject to the requirements in Paragraph 3 above;

(5)     Any witness during the course of discovery, so long as it is stated on the face of each document designated CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY being disclosed that the witness to whom a party is seeking to disclose the document was either an author, recipient, or otherwise involved in the creation of the document.  Where it is not stated on the face of the confidential document being disclosed that the witness to whom a party is seeking to disclose the document was either an author, recipient, or otherwise involved in the creation of the document, the party seeking disclosure may nonetheless disclose the confidential document to the witness, provided that:  (i) the party seeking disclosure has a reasonable basis for believing that the witness in fact received or reviewed the document, (ii) the party seeking disclosure provides advance notice to the party that produced the document, and (iii) the party that produced the document does not inform the party seeking disclosure that the person to whom the party intends to disclose the document did not in fact receive or review the documents.  Nothing herein shall prevent disclosure at a deposition of a document designated CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY to the officers, directors, and managerial level employees of the party producing such CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY, or to any employee of such party who has access to such CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY in the ordinary course of such employee's employment; and

(6)     Any designated arbitrator or mediator who is assigned to hear this matter, or who has been selected by the parties, and his or her staff, provided that such individuals agree in writing, pursuant to the Disclosure Agreement, to be bound by the terms of this Order.

(b)     FOR CONFIDENTIAL INFORMATION:

(1)     Those persons listed in paragraph 6(a);

(2)     In-house counsel for a party to this action who are acting in a legal capacity and who are actively engaged in the conduct of this action, and the secretary and paralegal assistants of such counsel to the extent reasonably necessary;

(3)     The insurer of a party to litigation and employees of such insurer to the extent reasonably necessary to assist the party's counsel to afford the insurer an opportunity to investigate and evaluate the claim for purposes of determining coverage and for settlement purposes; and

(4)     Representatives, officers, or employees of a party as necessary to assist outside counsel with this litigation.

7.     Use of Protected Information

(a)     In the event that any receiving party's briefs, memoranda, discovery requests, requests for admission, or other papers of any kind that are served or filed include another party's CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY, the papers must be appropriately designated pursuant to paragraphs 4(a) and (b) and governed by DUCivR 5-3.

(b)     All documents, including attorney notes and abstracts, that contain another party's CONFIDENTIAL INFORMATION or CONFIDENTIAL

11

INFORMATION – ATTORNEYS EYES ONLY, shall be handled as if they were designated pursuant to paragraph 4(a) or (b).

   (c)  Documents, papers, and transcripts that are filed with the court and contain any other party's CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY shall be filed in sealed envelopes and filed in accordance with DUCivR 5-3.

   (d)  To the extent that documents are reviewed by a receiving party prior to production, any knowledge learned during the review process will be treated by the receiving party as CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY until such time as the documents have been produced, at which time any stamped classification will control.  No photograph or any other means of duplication, including but not limited to electronic means, of materials provided for review prior to production is permitted before the documents are produced with the appropriate stamped classification.

   (e)  In the event that any question is asked at a deposition with respect to which a party asserts that the answer requires the disclosure of CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY, such question shall nonetheless be answered by the witness fully and completely.  Prior to answering, however, all persons present shall be advised of this Order by the party making the confidentiality assertion and, in the case of information designated as CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY at the request of such party, all persons who are not allowed to obtain such information pursuant to this Order, other than the witness, shall leave the room during the time in which this information is disclosed or discussed.

(f)     Nothing in this Protective Order shall bar or otherwise restrict outside counsel from rendering advice to his or her client with respect to this action and, in the course thereof, from relying in a general way upon his examination of materials designated CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY, provided, however, that in rendering such advice and in otherwise communicating with his or her clients, such counsel shall not disclose the specific contents of any materials designated CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY.

8.     <u>Inadvertent Failure to Designate</u>

(a)     In the event that a producing party inadvertently fails to designate any of its information pursuant to paragraph 4, it may later designate by notifying the receiving parties in writing.  The receiving parties shall take reasonable steps to see that the information is thereafter treated in accordance with the designation.

(b)     It shall be understood however, that no person or party shall incur any liability hereunder with respect to disclosure that occurred prior to receipt of written notice of a belated designation.

9.     <u>Challenge to Designation</u>

(a)     Any receiving party may challenge a producing party's designation at any time.  A failure of any party to expressly challenge a claim of confidentiality or any document designation shall not constitute a waiver of the right to assert at any subsequent time that the same is not in-fact confidential or not an appropriate designation for any reason.

(b)     Any receiving party may disagree with the designation of any information received from the producing party as CONFIDENTIAL INFORMATION or

CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY.  In that case, any receiving party desiring to disclose or to permit inspection of the same otherwise than is permitted in this Order, may request the producing party in writing to change the designation of a document or documents, stating with particularity the reasons for  that request, and specifying the category to which the challenged document(s) should be de-designated  The producing party shall then have seven (7) days from the date of service of the request to:

> (i)     advise the receiving parties whether or not it persists in such designation; and

> (ii)    if it persists in the designation, to explain the reason for the particular designation and to state its intent to seek a protective order or any other order to maintain the designation.

(c)     If no response is made within seven (7) days after service of the request under subparagraph (b), the information will be de-designated to the category requested by the receiving party.  If, however, the request under subparagraph (b) above is responded to under subparagraph (b)(i) and (ii), within seven (7) days the producing party may then move the court for a protective order or any other order to maintain the designation.  The burden of proving that the designation is proper shall be upon the producing party.  If no such motion is made within seven (7) days after the statement to seek an order under subparagraph (b)(ii), the information will be de-designated to the category requested by the receiving party.  In the event objections are made and not resolved informally and a motion is filed, disclosure of information shall not be made until

the issue has been resolved by the Court (or to any limited extent upon which the parties may agree).

No party shall be obligated to challenge the propriety of any designation when made, and failure to do so shall not preclude a subsequent challenge to the propriety of such designation.

(d)    With respect to requests and applications to remove or change a designation, information shall not be considered confidential or proprietary to the producing party if:

(i)    the information in question has become available to the public through no violation of this Order; or

(ii)    the information was known to any receiving party prior to its receipt from the producing party; or

(iii)    the information was received by any receiving party without restrictions on disclosure from a third party having the right to make such a disclosure.

10.    <u>Inadvertently Produced Privileged Documents</u>

The parties hereto also acknowledge that regardless of the producing party's diligence an inadvertent production of attorney-client privileged or attorney work product materials may occur. In accordance with Fed. R. Civ. P. 26(b)(5) and Fed. R. Evid. 502, they therefore agree that if a party through inadvertence produces or provides discovery that it believes is subject to a claim of attorney-client privilege or attorney work product, the producing party may give written notice to the receiving party that the document or thing is subject to a claim of attorney-client privilege or attorney work product and request that the document or thing be returned to the producing party. The receiving party shall

return to the producing party such document or thing.  Return of the document or thing shall not constitute an admission or concession, or permit any inference, that the returned document or thing is, in fact, properly subject to a claim of attorney-client privilege or attorney work product, nor shall it foreclose any party from moving the Court pursuant to Fed. R. Civ. P. 26(b)(5) and Fed. R. Evid. 502 for an Order that such document or thing has been improperly designated or should be produced.

11.     Inadvertent Disclosure

In the event of an inadvertent disclosure of another party's CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY to a non-Qualified Recipient, the party making the inadvertent disclosure shall promptly upon learning of the disclosure:  (i) notify the person to whom the disclosure was made that it contains CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY subject to this Order; (ii) make all reasonable efforts to preclude dissemination or use of the CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY by the person to whom disclosure was inadvertently made including, but not limited to, obtaining all copies of such materials from the non-Qualified Recipient; and (iii) notify the producing party of the identity of the person to whom the disclosure was made, the circumstances surrounding the disclosure, and the steps taken to ensure against the dissemination or use of the information.

12.    Limitation

This Order shall be without prejudice to any party's right to assert at any time that any particular information or document is or is not subject to discovery, production or admissibility on the grounds other than confidentiality.

13.    Conclusion of Action

(a)    At the conclusion of this action, including through all appeals, each party or other person subject to the terms hereof shall be under an obligation to destroy or return to the producing party all materials and documents containing CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY and to certify to the producing party such destruction or return.  Such return or destruction shall not relieve said parties or persons from any of the continuing obligations imposed upon them by this Order.

(b)    After this action, trial counsel for each party may retain one archive copy of all documents and discovery material even if they contain or reflect another party's CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY.  Trial counsel's archive copy shall remain subject to all obligations of this Order.

(c)    The provisions of this paragraph shall not be binding on the United States, any insurance company, or any other party to the extent that such provisions conflict with applicable Federal or State law.  The Department of Justice, any insurance company, or any other party shall notify the producing party in writing of any such conflict it identifies in connection with a particular matter so that such matter can be resolved either by the parties or by the Court.

14.    Production by Third Parties Pursuant to Subpoena

Any third party producing documents or things or giving testimony in this action

pursuant to a subpoena, notice or request may designate said documents, things, or

testimony as CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION –

ATTORNEYS EYES ONLY.  The parties agree that they will treat CONFIDENTIAL

INFORMATION or CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY

produced by third parties according to the terms of this Order.

15.    Compulsory Disclosure to Third Parties

If any receiving party is subpoenaed in another action or proceeding or served with

a document or testimony demand or a court order, and such subpoena or demand or court

order seeks CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION –

ATTORNEYS EYES ONLY of a producing party, the receiving party shall give prompt

written notice to counsel for the producing party and allow the producing party an

opportunity to oppose such subpoena or demand or court order prior to the deadline for

complying with the subpoena or  demand or court order.  No compulsory disclosure to

third parties of information or material exchanged under this Order shall be deemed a

waiver of any claim of confidentiality, except as expressly found by a court or judicial

authority of competent jurisdiction.

16.    Jurisdiction to Enforce Standard Protective Order

After the termination of this action, the Court will continue to have jurisdiction to

enforce this Order.

17.    Modification of Standard Protective Order

This Order is without prejudice to the right of any person or entity to seek a

modification of this Order at any time either through stipulation or Order of the Court.

18.    <u>Confidentiality of Party's Own Documents</u>

Nothing herein shall affect the right of the designating party to disclose to its officers, directors, employees, attorneys, consultants or experts, or to any other person, its own information. Such disclosure shall not waive the protections of this Standard Protective Order and shall not entitle other parties or their attorneys to disclose such information in violation of it, unless by such disclosure of the designating party the information becomes public knowledge. Similarly, the Standard Protective Order shall not preclude a party from showing its own information, including its own information that is filed under seal by a party, to its officers, directors, employees, attorneys, consultants or experts, or to any other person.

SO ORDERED AND ENTERED BY THE COURT PURSUANT TO DUCivR 26-2 EFFECTIVE AS OF THE COMMENCE OF THE ACTION.

19

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| _____, <br><br> Plaintiffs, <br><br> vs. <br><br> _____, <br><br> Defendant. | DISCLOSURE AGREEMENT <br><br> Honorable <br><br> Magistrate Judge |

    I, _____, am employed by _____.  In connection with this action, I am:

_____     a director, officer or employee of _____ who is

          directly assisting in this action;

_____     have been retained to furnish technical or other expert services or to give

          testimony (a "TECHNICAL ADVISOR");

_____     Other Qualified Recipient (as defined in the Protective Order)

          (Describe:_____).

    I have read, understand and agree to comply with and be bound by the terms of the Standard Protective Order in the matter of _____, Civil Action No. _____, pending in the United States District Court for the District of Utah.  I further state that the Standard Protective Order entered by the Court, a copy of which has been given to me and which I have read, prohibits me from using any PROTECTED INFORMATION, including documents, for any purpose not appropriate or necessary to my participation in this action or disclosing such documents or information to

20

any person not entitled to receive them under the terms of the Standard Protective Order. To the extent I have been given access to PROTECTED INFORMATION, I will not in any way disclose, discuss, or exhibit such information except to those persons whom I know (a) are authorized under the Standard Protective Order to have access to such information, and (b) have executed a Disclosure Agreement.  I will return, on request, all materials containing PROTECTED INFORMATION, copies thereof and notes that I have prepared relating thereto, to counsel for the party with whom I am associated.  I agree to be bound by the Standard Protective Order in every aspect and to be subject to the jurisdiction of the United States District Court for the District of Utah for purposes of its enforcement and the enforcement of my obligations under this Disclosure Agreement.  I declare under penalty of perjury that the foregoing is true and correct.


_____
Signed by Recipient

_____
Name (printed)

Date: _____